FILED IN CLERK'S OFFICE
U.S D.C. Atlanta

NOV 2 8 2005

LUTHER D. THOMAS, Clerk
By: *signature* Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PAUL E. KREBS,                         :

    Plaintiff,                      :

                                    CIVIL ACTION NO.

v.                                     :

                                      1:04-CV-3011-MHS

AVIATION CONSTRUCTORS,                 :
INC.,
                                      :

    Defendant.

## ORDER

Presently before the Court are plaintiff's motion for partial summary judgment and defendant's motion for summary judgment. For the reasons set forth below, the Court grants defendant's motion and denies plaintiff's motion.

Background

Defendant Aviation Constructors, Inc. ("ACI") employed plaintiff Paul E. Krebs starting in or around 1989. On March 28, 2002, ACI and plaintiff entered into an agreement ("Agreement") to establish a deferred compensation plan and employment agreement for plaintiff to benefit him and his family and to assure that ACI continued to benefit from his services. The Agreement set forth details concerning plaintiff's health and life

insurance provided by ACI. The Agreement provided that ACI would employ plaintiff full-time until he reached sixty-five years of age and set out his compensation after the age of sixty-five. ACI retained the right to terminate plaintiff if "there are acts of disloyalty, including refusal to follow directives of senior management, bad faith conduct that harms the Company, or criminal activity." Amendment to Compl., Exh. A at ¶ 1. The Agreement stated that should plaintiff cease his employment voluntarily or be terminated for the causes listed in the Agreement, then all of plaintiff's rights under the Agreement would lapse and ACI would be released from further obligations to plaintiff under the Agreement.

From the time of the Agreement until his termination, plaintiff was Vice President of ACI. For six years prior to his termination, plaintiff commuted every week from his home in Nashville, Tennessee, to Houston, Texas, where he managed ACI's projects at George Bush International Airport.

ACI appointed Frank Cardinal as CEO in November of 2003. Shortly after his appointment, Cardinal asked plaintiff to move from Nashville to Houston to work for ACI as the Territory General Manager. In response to

plaintiff's concerns, ACI agreed to accommodate plaintiff by allowing him to wait to relocate until after plaintiff's son finished high school. ACI originally requested an answer from plaintiff by December 1, 2003.

On or about November 20, 2003, plaintiff requested ACI's relocation policy from Cardinal. Cardinal created a new relocation policy for ACI, as the company had previously negotiated relocation expenses on a case-by-case basis and did not have a written policy. The new policy allowed for the reimbursement of a house hunting trip, but it did not provide for reimbursement of real estate related expenses. The policy also provided that ACI would not pay expenses that were higher than reasonable or customary.

Plaintiff informed Cardinal that relocating to Houston would cost him a significant percentage, or an amount in excess, of his yearly salary which was $158,000.00. Specifically, plaintiff would incur expenses of $189,000.00 for real estate commissions and capital gains taxes relating to the sale of his home.

Cardinal and plaintiff communicated about what ACI would pay under the relocation policy, the terms of plaintiff's Agreement, and whether ACI could require plaintiff to move and incur relocation expenses.

On April 13, 2004, Cardinal explained that ACI would not pay for plaintiff's real estate related expenses. Cardinal directed plaintiff to provide ACI with his written decision on whether he was going to move to Houston in accordance with ACI's relocation policy by April 19, 2004, at 5:00 p.m., or otherwise plaintiff would be terminated.

On April 19, 2004, plaintiff responded to Cardinal's letter stating that he disagreed with Cardinal's position about the terms of his Agreement. Plaintiff stated that he continued to tender his performance under the Agreement and that if ACI terminated him, ACI would be in breach of the Agreement. ACI terminated plaintiff on April 19, 2004, at 5 p.m.

Plaintiff brought suit against ACI alleging breach of contract, termination for the purpose of interfering with the benefits due to him under

4

an ERISA[1] plan, denial of benefits under the employment Agreement recoverable under ERISA, and attorneys' fees and costs for defendant's bad faith. Both plaintiff and defendant have moved for summary judgment.

Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The movant bears the initial responsibility of asserting the basis for his motion. Celotex, 477 U.S. at 323; Apcoa, Inc. v. Fidelity National Bank, 906 F.2d 610, 611 (11th Cir. 1990). However, the movant is not required to negate his opponent's claim. The movant may discharge his burden by

---

[1] Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq.

merely "'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325. After the movant has carried his burden, the non-moving party is then required to "go beyond the pleadings" and present competent evidence designating "specific facts showing that there is a genuine issue for trial." Id. at 324. While the court is to view all evidence and factual inferences in a light most favorable to the non-moving party, Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988), "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

A fact is material when it is identified by the controlling substantive law as an essential element of the non-moving party's case. Anderson, 477 U.S. at 248. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant. Id. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine

issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). An issue is not genuine if it is unsupported by evidence, or if it is created by evidence that is "merely colorable" or is "not significantly probative." Anderson, 477 U.S. at 249-50. Thus, to survive a motion for summary judgment, the non-moving party must come forward with specific evidence of every element material to that party's case so as to create a genuine issue for trial.

The Rule 56 standard is not affected by the filing of cross motions for summary judgment: "The court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2720 at 335-36 (3d ed. 1998). Cross-motions may, however, be probative of the absence of a factual dispute where they reflect general agreement by the parties as to the controlling legal theories and material facts. See United States v. Oakley, 744 F.2d 1553, 1555 (11th Cir. 1984).

AO 72A
(Rev.8/82)

Discussion

ACI argues that the Agreement is unenforceable because it is missing the essential terms of an employment contract. Even if it was enforceable, ACI contends that it had a right to terminate plaintiff under the Agreement for failing to follow a senior directive to move to Houston and comply with ACI's relocation policy. ACI avers that it did not terminate plaintiff for the purpose of denying him benefits under an ERISA plan, and that plaintiff was not entitled to real estate related relocation expenses under the Agreement.

Plaintiff argues that the Agreement was valid and enforceable. Plaintiff contends that he did not breach the Agreement because he agreed to move to Houston. Plaintiff interpreted his Agreement to provide for reimbursement of relocation expenses because the Agreement entitled him to be paid for his work and moving without reimbursement would be the equivalent of working without pay. Plaintiff avers that ACI ordered him to give up his legal claim to these expenses in order to remain employed, and therefore ACI breached the Agreement by terminating plaintiff for maintaining his legal claim for the benefits of reimbursement expenses. Plaintiff also argues that ACI intended to force plaintiff out of the company

by not paying his relocation expenses, as evidenced by the fact that ACI paid relocation expenses to another employee that it wanted to retain.

Regarding plaintiff's breach of contract claim, the Court finds that the Agreement is not an enforceable contract. "The nature and character of the services to be performed, the place of employment and the amount of compensation to be paid therefor are all essential elements of an employment contract and must be stated with sufficient definiteness . . . ." Sawyer v. Roberts, 208 Ga. App. 870, 871 (1993) quoting Farr v. Barnes Freight Lines, 97 Ga. App. 36, 37 (1958). The Agreement in this case is silent as to all of these essential elements: it does not state the nature and character of the services plaintiff was to perform for ACI, where plaintiff was to perform these unnamed services, or how much compensation ACI would pay plaintiff.[2] Although plaintiff argues that the Agreement is ambiguous and that the Court therefore should consider parol evidence, the Court concludes that the Agreement is not ambiguous; it is silent. Sawyer, 208 Ga. App. at 871 (parol evidence is not admissible to supply any missing essential elements of a contract). Accordingly, the Agreement is unenforceable, and the Court grants

---

[2] The Agreement only states compensation for plaintiff once he reached the age of sixty-five. Plaintiff was fifty years old when his employment with ACI ended.

defendant's motion for summary judgment on plaintiff's breach of contract claim.[3] Key v. Naylor, 268 Ga. App. 419, 422 (2004) (where the parties were identified in a contract, the parties signed the contract, and consideration was stated, the contract was unenforceable and indefinite because the contract failed to state the duties and the place where they were to be performed).

Plaintiff also brings claims under ERISA § 502(a)(1)(B) to recover benefits due to him under the Agreement and under § 510 because ACI terminated plaintiff for the purpose of interfering with plaintiff's benefits. See 29 U.S.C. §§ 1132(a)(1)(B) and 1140. The Court concludes that plaintiff is not entitled to recover reimbursement benefits under the Agreement pursuant to § 502(a)(1)(B) because the Agreement is unenforceable.

Viewing the Agreement as an ERISA benefit plan, plaintiff is still not entitled to relief. The parties do not dispute that the Agreement was an ERISA benefit plan as opposed to an employment contract. An ERISA benefit

---

[3] Plaintiff argues that defendant admitted in its pleadings that the Agreement was enforceable. However, defendant admitted that the parties entered into a written Employment Agreement, but not that the Agreement was enforceable or that the Agreement set out any terms of plaintiff's employment other than insurance policies and a deferred compensation plan. Even if defendant had admitted to entering an employment contract, the Court cannot enforce an agreement that is missing essential terms.

plan must be in writing. 29 U.S.C.A. § 1102(a)(1). The Agreement does not mention any benefit of reimbursement for relocation expenses but only provides for retirement and medical benefits. Therefore, plaintiff is not entitled to recover benefits under § 502(a)(1)(B) nor did ACI terminate plaintiff for the purpose of interfering with his right to reimbursement benefits under § 510 because ACI did not owe him these benefits under the plan nor were these benefits to which plaintiff may have become entitled.

Plaintiff argues that pursuant to § 510, ACI terminated him for (1) exercising his right to benefits to which he was entitled, or may have become entitled, under the Agreement; and (2) the purpose of interfering with the attainment of his benefits under the Agreement.[4] Plaintiff contends that he was entitled to reimbursement of relocation expenses under the Agreement and that ACI terminated him for exercising his right to claim reimbursement of relocation expenses. Although the Agreement is silent as to reimbursement benefits, plaintiff interpreted the Agreement to provide for reimbursement of relocation expenses because the Agreement entitled him

---

[4] Section 510 makes it unlawful for an employer "to discharge . . . a participant or beneficiary [of an employee benefit plan] for exercising any right to which he is entitled under [the plan] or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140.

11

to be paid for his work and moving without reimbursement would be the equivalent of working without pay. Even accepting plaintiff's argument, it is still unclear how much ACI was required to pay plaintiff for his work and his reimbursement expenses, if any, because the Agreement is silent as to plaintiff's compensation before he reached the age of sixty-five. In addition, even accepting plaintiff's argument that ACI was required to pay him for his work, ACI never stated that it intended not to pay him for his work in Houston. Therefore, although moving expenses may have equaled or exceed his compensation, there is no allegation by plaintiff that ACI intended to make him work without pay. Thus, ACI did not terminate plaintiff for exercising his right to benefits to which he was entitled or may have become entitled pursuant to § 510.

Regarding plaintiff's claim under § 510 that ACI terminated him for the purpose of interfering with the attainment of his benefits, plaintiff contends that ACI never wanted or expected plaintiff to move to Houston and that ACI ordered him to relocate for the purpose of extracting itself from the Agreement. ACI must have had the specific intent to interfere with plaintiff's ERISA rights. Clark v. Coats & Clark, Inc., 990 F.2d 1217, 1223 (11th Cir. 1993). Assuming plaintiff is entitled to all of the ERISA rights he contends

are covered by the Agreement, including reimbursement of relocation expenses, working for certain compensation, and retirement benefits, plaintiff has failed to show any direct proof of discrimination by ACI to interfere with such ERISA rights.

Due to the lack of direct evidence, plaintiff must show circumstantial evidence of a prima facie case of discrimination by a preponderance of the evidence. Id. To make out a prima facie case, plaintiff must show that he (1) "is entitled to ERISA's protection; (2) was qualified for the position; and (3) was discharged under circumstances that give rise to an inference of discrimination." Id. Under the third prong, plaintiff must introduce evidence that suggests interference with his ERISA rights was a motivating factor for ACI's actions and that ACI's decision was directed at plaintiff's ERSIA rights in particular. Id. at 1224. In addition, plaintiff cannot establish a prima facie case by merely showing that he was deprived of the chance to accrue more benefits as a result of termination. Id. Plaintiff has not shown that any of ACI's actions regarding the relocation to Houston were directed at plaintiff's ERISA rights or that interfering with his ERISA rights was a motivating factor for ACI, and thus he has not made a prima facie case.

AO 72A
(Rev.8/82)

Plaintiff argues that ACI's reason for terminating plaintiff was a mere pretext for its desire to move him out of the company and to extract itself from the Agreement. As evidence of ACI's intentions, plaintiff contends that ACI paid a bonus to another employee, Joe Thompson, which was really money used to cover Thompson's relocation expenses when he moved to Florida. Even if plaintiff had made a prima facie case, ACI has provided evidence that it wanted plaintiff to relocate because its business was running out in Texas and ACI needed plaintiff to develop business in Houston by living there. Plaintiff admitted in his deposition that he was under the impression that Cardinal wanted him to go to Houston and that he wanted plaintiff to develop business in Houston. Krebs Dep. at 53. In addition, Joe Thompson testified that his bonus was dependent on whether he completed a project and that he was getting a bonus from ACI regardless of whether he stayed with the company and moved to Florida. Thompson Dep. at 95-96, 105. Thus, the Court grants defendant's motion for summary judgement on plaintiff's ERISA claims.

Regarding plaintiff's claim for attorneys' fees, because the Agreement is unenforceable and the Court grants defendant summary judgment on all

14

of plaintiff's other claims, plaintiff is not entitled to attorneys' fees. See Baxley Veneer and Clete Co. v. Maddox, 261 Ga. 309, 311 (1991).

Summary

For the foregoing reasons, the Court DENIES plaintiff's motion for partial summary judgment [# 23]; GRANTS defendant's motion for summary judgment [#25]; and GRANTS plaintiff's motion to amend its response [#57]; and DISMISSES this action.

IT IS SO ORDERED, this 23 day of November, 2005.

_____
Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

AO 72A (Rev.8/82)